**Angelita Torres RODRIGUEZ, pro se and representing her minor daughter, Mayra Luz Santiago Torres, Plaintiffs,**

v.

**UNITED STATES of America and United States Postal Service, Defendants.**

Civ. No. 588–73.

United States District Court,
D. Puerto Rico.

Aug. 9, 1974.

Rafael E. Castro Pérez, Santurce, P. R., for plaintiffs.

Asst. U. S. Atty., Ignacio Rivera Cordero, San Juan, P. R., for defendants.

## OPINION AND ORDER

PESQUERA, District Judge.

Upon rejectment on December 29, 1972 of their administrative claim, plaintiffs filed the instant case on July 2, 1973 under the provisions of 28 U.S.C.A. § 1346 and § 2671 et seq., known as the Federal Tort Claims Act. Defendant has moved to dismiss on the ground that the action is barred by the six-month statutory period of limitations established in 28 U.S.C.A. § 2401(b). After hearing the parties and studying their supplemental memoranda, the Court is of the opinion that the action was timely filed.

The statutory period of time involved in this case is that of "six months". It has been uniformly held that the word "month" signifies a calendar month, regardless of the number of days it contains (see 86 C.J.S. Time § 10, p. 837 and cases cited therein). Therefore, the time to file the complaint would expire on June 29, 1972 and the action would be barred unless the provisions of Rule 6 of the Federal Rules of Civil Procedure are found to be applicable. Rule 6 of the Federal Rules of Civil Procedure provides that in computing any period of time prescribed by any applicable statute, the day from which the designated period of time begins to run shall not be included and that the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. Therefore, if applicable to this action the day from which the period of limitations would begin to run, would not be the 29th but rather the 30th of December, 1972, and the statutory period of limitations would run until June 30, 1973, that is, six months from the day in which plaintiffs' claim was rejected unless, as provided in said Rule 6(a) of the Federal Rules of Civil Procedure, such day falls on a Saturday, a Sunday or a legal holiday, in which case the period runs until the end of the next day which is not one of those expressly mentioned days. The Court takes judicial notice that June 30, 1973 was a Saturday and the period of limitations would therefore run until Monday July 2, 1973, the day in which the action was filed.

In Rutledge v. Sinclair Refining Co., D.C., 13 F.R.D. 477, it was held that since the governing statute provisions had been re-enacted after the adoption of Rule 6(a) of the Federal Rules of Civil Procedure, this was an indication that Congress had impliedly adopted the liberality and leniency manifest in said Rule 6(a). The Court followed the decision in the case of Wilkes v. United States, 5 Cir., 192 F.2d 128 where a two-year statute of limitations of a claim for a tax refund expired on a Sunday and it was held that the taxpayer had until the next day to file his suit on the basis that the statute had been adopted after the passage of Rule 6(a) of the Federal Rules of Civil Procedure.

 In the instant case, the statutory period of limitations established by Section 2401(b) was enacted in 1966 without any indication that the policy of Rule 6(a) of the Federal Rules of Civil Procedure in effect at that time, should not apply. Therefore, we hold as in the above cited case of Wilkes v. United States, that in waiving the immunity of the United States to be sued, Congress intended that the allotted time should be computed as provided in Rule 6(a) of the Federal Rules of Civil Procedure.

For the above stated reasons, we hold that the instant case was timely filed and defendant's motion to dismiss is hereby denied. Defendant is further ordered to file a responsive pleading within ten (10) days from entry of this Order.