Daniel Allan **WOIRHAYE**,
Plaintiff-Appellant,

v.

**UNITED STATES of America**,
Defendant-Appellee.

No. 77–3456.

United States Court of Appeals,
Ninth Circuit.

Dec. 19, 1979.

---

Wade J. Dahood, Knight, Dahood, Mackay & McLean, Anaconda, Mont., for plaintiff-appellant.

Robert T. O'Leary, U. S. Atty., Butte, Mont., argued, R. E. Murray, Jr., Asst. U. S. Atty., Butte, Mont., on brief, for defendant-appellee.

Before TRASK and HUG, Circuit Judges, and COWEN,* Senior Judge.

TRASK, Circuit Judge:

Appellant Daniel Woirhaye brought an action against the United States under the Federal Tort Claims Act. Woirhaye seeks damages for injuries arising from a collision between the pickup truck he was driving and a Payloader operated by an employee of the Anaconda Job Corps Center, a federal agency. The district court dismissed the action on the ground that it was barred by the applicable limitations period. We affirm.

The controlling statutory provision is 28 U.S.C. § 2401(b), which provides:

[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months of the date of mailing, by certified or registered mail, of notice of *final denial* of the claim by the agency to which it was presented. (Emphasis added).

This appeal raises the question of what constitutes a final denial for purposes of the above provision.

I

The accident giving rise to the alleged injuries occurred on February 18, 1975. In June 1975, Woirhaye filed a timely claim for damages with the Department of Labor. On March 12, 1976, the claims officer mailed to Woirhaye's attorney, Wade Dahood, a registered letter stating that the claim had been denied. The last paragraph of that letter said:

This letter represents the final administrative denial of the claims. If the matter is to be pursued further, legal action must be instituted in the appropriate United States District Court within 6 months from the date of this letter.

---

* Honorable Wilson Cowen, Senior Judge, United States Court of Claims, sitting by designation.

On March 31, 1976, Woirhaye's doctor sent Dahood a final medical evaluation of the injuries. Dahood wrote to the Labor Department on April 15, 1976, requesting information concerning the procedure for amending the claim to present the new evidence. The Labor Department responded on June 14, 1976. Its letter stated in pertinent part:

> Under the Act the claim for damages may be amended in the complaint if there is newly discovered evidence which was not reasonably discoverable at the time the administrative claim was presented.

In subsequent telephone conversations, the agency attorney informed Dahood that the agency would reconsider the case if Dahood filed an amended claim. Dahood did so on September 28, 1976. By letter dated October 21, 1976, the agency notified Dahood that the amended claim was untimely and that therefore it could not be considered. This action for damages was then filed on November 15, 1976.

The threshold question is whether the filing of the amended claim with the agency was timely. If the amended claim was timely, then it is clear from the applicable regulation that this suit was also timely.[1] If the amended claim was not timely, then further analysis will be required.

## II

The time limitations governing the filing of amended claims are set forth in 28 C.F.R. § 14.2(b):

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action *or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a)*. (Emphasis added).

1. The last sentence of 28 C.F.R. § 14.2(b) provides:

> Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

The last clause makes it clear that the option to sue in court accrues six months after filing of

28 U.S.C. § 2675(a), in turn, is the statutory provision requiring presentation of a claim to the appropriate agency, and a final denial of the claim by that agency, before an action can be brought in court under the Federal Tort Claims Act. Because the claimant's option under section 2675(a) expires six months after final denial, *id.* § 2401(b), we interpret the reference in 28 C.F.R. § 14.2(b) to "the claimant's option under 28 U.S.C. 2675(a)" to mean that the amended claim must be filed before suit is commenced or, if suit is not commenced, without six months after the final denial. Under that interpretation, Woirhaye's amended claim was not timely filed with the agency.

## III

The agency contends that the final denial occurred on March 12, 1976, the date when it sent notice that it was denying Woirhaye's original claim. If the agency is correct, then this suit is untimely because it was initiated on November 15, 1976, after the six-month period prescribed by 28 U.S.C. § 2401(b) had expired. Woirhaye argues that the date of the final denial was October 21, 1976, when the agency communicated its decision not to consider the amended claim. If Woirhaye is correct, then this suit was filed within the required six-month period.

Woirhaye relies upon the assurances provided by the agency attorney that the agency would reconsider the case once an amended claim had been filed. He argues that these assurances prevented the agency's decisions from becoming final until the agency announced its decision not to reconsider. Woirhaye cites several federal dis-

the amended claim if the agency has failed to decide the claim by that time. The language makes it unclear, however, whether the same is true even when the agency issues a final denial before six months have elapsed. The most logical construction would be that in the latter case, the option accrues at the time of the final denial of the amended claim. Under any interpretation, *if* Woirhaye's amended claim was timely filed, it would follow that suit was not commenced too late.

trict court decisions in which agency indications that claims were still being considered were held to preclude final denials. *Trepina v. Wood*, 227 F.Supp. 726 (D.Mont.1964); *Stever-Wolford, Inc. v. United States*, 198 F.Supp. 166 (E.D.Pa.1961); *DePusana v. United States*, 164 F.Supp. 672 (D.D.C. 1958).

The cases cited by Woirhaye are distinguishable in at least two important respects: First, in each of those cases, the court found that the agency had led the claimant to believe it was *still* considering the claim. Here, Woirhaye alleges only that the agency said it *would* reconsider if an amended claim were filed. Until an amended claim was actually filed, it cannot be said that the claim was still under consideration. Secondly, in none of the cited cases had the claimant failed to make a timely filing of the amended claim. Here, by the time the claimant had filed his amended claim, the pertinent administrative regulation made it impossible for the agency to consider it.

We think that our previous decision in *Claremont Aircraft, Inc. v. United States,* 420 F.2d 896 (9th Cir. 1970), is more nearly on point. In *Claremont,* after the agency had denied a claim, the claimant made two further inquiries. The agency responded to both inquiries with reiterations of its previous position denying the claim. The suit in *Claremont* was filed more than six months after the original denial but less than six months after the last reiteration of that denial. This court held that the courtesy displayed by the agency in responding to the claimant's subsequent requests did not prevent the original decision from becoming a final denial. Similarly, the courtesy of the Labor Department here, in explaining to Woirhaye's attorney that the agency would consider an amended claim, does not prevent its original denial from becoming final.

### IV

We therefore hold that when an agency denies a claim under the Federal Tort Claims Act in accordance with the procedure required by applicable regulations,[2] such a decision constitutes a final denial for purposes of 28 U.S.C. § 2401(b) unless either

(a) The claimant files with the agency a *timely* amended claim pursuant to 28 C.F.R. § 14.2(b), or

(b) The agency leads the claimant reasonably to believe that it is still actively considering the original claim.

Finally, although Woirhaye alleges that his attorney was assured an amended claim could be filed, he does not allege that the agency represented that it would dispense with the six-month time limitation. We do not decide whether the latter representation would have prevented the agency's original decision from becoming a final denial.

AFFIRMED.