Doris **YEDWAB** and **Seymour Yedwab, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 79–3650.**

United States District Court, D. New Jersey.

April 29, 1980.

---

718

Donald Werner, by Nancy Ferro, Newark, N. J., for plaintiffs.

Robert J. Del Tufo, U. S. Atty. by Lorraine S. Gerson, Asst. U. S. Atty., Newark, N. J., for defendant.

## OPINION

BIUNNO, District Judge.

Doris Yedwab claims she was injured May 31, 1978 in a fall at a U.S. Postal Service postoffice. She and her husband now sue under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. She claims for her injuries, her husband Seymour sues *per quod*.

■ Suit was begun against the "U.S. Postal Service". This is the wrong party, and the United States is ordered substituted as defendant. Also, the complaint has a jury demand, but the demand must be stricken since jury trial is not available under the Act.

■ This leaves the key issue raised on motion by the United States: did plaintiffs begin the action "within six months after the date of mailing" of the final denial of the agency, as required by 28 U.S.C. § 2401(b)?

By F.R.Civ.P. 3, a civil action is begun "by filing a complaint with the court." F.R.Civ.P. 5(e) defines "filing with the court" as performed by filing "with the clerk of the court".

At the hearing of the motion, photocopy of the certified mail record showed that the final denial was mailed June 21, 1979. There is no dispute of this fact. The court's records show that the complaint was filed December 24, 1979.

The briefs were largely directed to the issue whether the last day of the six month period fell on Saturday, December 22, 1979, and whether F.R.Civ.P. 6(a) applies so as to make December 24 the last day for filing.

Reliance is placed on *Rodriguez v. U. S.*, 382 F.Supp. 1 (D.Puerto Rico, 1974), and *Bledsoe v. Dept. of HUD*, 398 F.Supp. 315 (D.Pa., 1975) for the proposition that in calculating a time period, the day of the act or event from which the designated period begins to run shall not be included. The last day of the period is included unless it is a Saturday, Sunday or legal holiday, in which case the period runs until the end of the next day which is not a *dies non.* This is the expression of Rule 6(a).

*Rodriguez* made an incorrect calculation of the six month period. In *Rodriguez*, the mailing date was December 29, 1972. The court there correctly said that the six month period is measured by calendar months, regardless of the number of days each month has (varying from 28 to 31), and correctly said that the six month period began to run on December 30, 1972, the day after the mailing date. It is wrong by one day, however, in stating that the last day of the six months was June 30, 1972 (a Saturday) rather than June 29, 1972 (a Friday). The *Rodriguez* calculation not only excludes the day of mailing, but allows six months plus one day after that for filing. The calculation was wrong, as will be shown.

In *Bledsoe*, the mailing date was May 23, 1974. The complaint was filed November 19, 1974 (within time) but against the wrong party. An amended complaint naming the United States in place of HUD was mailed November 25, 1974. Thus, the issue was not whether the complaint was filed in time (it was), but whether notice of the amendment was served before the time ran out so as to allow the amendment to relate back to the timely filing date under F.R. Civ.P. 15. The United States asserted that the last day for filing was November 23, 1974. This was correct, as this court sees it, but the fact was that it had been filed earlier, on November 19, 1974 against HUD, the wrong party. The action having been begun, the time question dealt with the giving of notice of amendment, which comes within the rules of procedure. Since the last day of the six months was November 23, 1974, and since that day was a Saturday, F.R.Civ.P. 6(a) came into play and extended the time for serving notice of amendment to the next business day, Monday, November 25, 1974. Service of notices, after action is begun, is complete on mailing, F.R.Civ.P. 5(b), last sentence. Thus, nothing in *Bledsoe* is of aid to plaintiffs here.

In this case, the language of 28 U.S.C. § 2401(b) and of F.R.Civ.P. 6(a) are in complete agreement in spelling out how the six month period is calculated. Both are simple and straightforward. The only difference is in the form of expression. Rule 6(a) is phrased generally, while § 2401(b) is expressed specifically.

Rules 6(a) says that the day of the act or event from which the period begins to run shall not be included, but the last day of the period shall be included. The day of the act or event, under § 2401(b), is the date of mailing of the notice of final denial. The time period "within" which to begin an action is the period of six months "after" that date. Thus, § 2401(b), like Rule 6(a), excludes the day of the event and includes the last day of the specified period.

To display the simplicity of the calculation, the court appends a 1979 calendar. Suppose the mailing date were the *last* day of a month, say, January 31, 1979, a Wednesday. That day would be excluded. A claimant would have the six month period *after* January 31 *within which* to begin an action by filing a complaint with the clerk of the court. This full six month period would embrace the months of February through July, and the *last* day (which is included) of that full six month period would be July 31, 1979, a Tuesday. To allow filing on August 1, 1979 would be to allow six months *and a day* after January 31, 1979. This is not the statutory period. The period is "six months" after the mailing date, and the action must begin "within" that period, not outside it.

Moving day by day, if a January 31 mailing sets a July 31 deadline, then a February 1 mailing sets an August 1 deadline, and so on day by day through any numbered day from 1 to 28 (to 29 in leap year). The variation in days, but not in calendar months, comes at the end. Notices mailed on August 29, 30 or 31 carry a deadline of February 28 (or 29). Notices mailed on October 30 and 31 carry a deadline of April 30. Notices of December 30 and 31 carry a deadline of June 30. Notices of March 30 and 31 carry a deadline of September 30. Notices of May 30 and 31 carry a deadline of November 30. These differences at the tail end of a month are due to the use of calendar months instead of days as the measure of the period. The court sees no difficulty in applying the *dies non* language of F.R.Civ.P. 6(a) when the last day, *so calculated*, is a Saturday, Sunday or holiday. But that language cannot apply when the last day is itself neither a Saturday, Sunday nor legal holiday.

If it wished to the Congress *could* say that action must begin no later than the last business day of the sixth month after the month in which the notice was mailed. That is not what it said.

Calendar months being what they are, varying from 28 to 31 days, the six month

period for one case may include more or fewer *days* than for another case. But the Congress has chosen *calendar months* as the measure, and has not required that notice of final denial be mailed on the last day of a month. So long as the law is what it is, courts have no choice but to apply it. If the law be a bad one, the best way to get it improved is to apply it as it is.

For a lawsuit that must be filed after making an administrative claim and after mailing of final denial, it is difficult to see why a complaint cannot be filed within several weeks after denial. The administrative claim procedure is designed to close out as many claims as possible without suit. Those not so closed are those judged by the agency as weak on liability or excessive in damages sought. For any of these in the class, consistent with the obligations of F.R. Civ.P. 11, six calendar months is a generous period within which to file a complaint under modern notions of "notice" pleading. There must be a line somewhere, and Congress has set it as the last day of the six month period after mailing of final denial. In this case, the mailing was on June 21, 1979. Six full calendar months ended with December 21, 1979, a Friday. No occasion is called for to apply the *"dies non"* concept because the last day was not a Saturday, Sunday or legal holiday. Thus, the claim of Doris Yedwab is out of time, and her complaint must be dismissed for lack of jurisdiction. The claim of her husband Seymour is different. He never filed an administrative claim at all. His claim will be dismissed for failure to state a claim.

## APPENDIX

### JANUARY

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

Date of
mailing ←

### FEBRUARY

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | | | |

1st. mo.
after

### MARCH

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

2nd mo.
after

### APRIL

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | | | | | |

3rd mo.
after

### MAY

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

4th mo.
after

### JUNE

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

5th mo.
after

6th mo.
after

Last day
to file

### JULY

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

### AUGUST

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

### SEPTEMBER

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 30 | 24 | 25 | 26 | 27 | 28 | 29 |

### OCTOBER

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

### NOVEMBER

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

### DECEMBER

| SUN | MON | TUES | WED | THUR | FRI | SAT |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 30 | 24 31 | 25 | 26 | 27 | 28 | 29 |

1979