Toni Marie **GERVAIS**, By and Through her conservator and legal guardian, Connie **BREMNER**, Plaintiff,

v.

The **UNITED STATES** of America and the Bureau of Indian Affairs, Defendants.

No. CV–86–207–GF.

United States District Court, D. Montana, Great Falls Division.

May 14, 1987.

Charles W. Kuether, Matteucci & Falcon, Great Falls, Mont., for plaintiff.

Byron H. Dunbar, U.S. Atty., and George F. Darragh, Jr., Asst. U.S. Atty., Great Falls, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Plaintiff Toni Marie Gervais, by and through her conservator and legal guardian, Connie Bremner, instituted the present action pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. §§ 1346(b) and 2671–2680), seeking to recover monetary compensation from the United States of America, acting through the Bureau of Indian Affairs ("BIA"), for that entity's alleged negligent operation of a jail facility in Browning, Montana. Pursuant to Rule 12(b)(1), Fed.R.Civ.P., defendants move the court to dismiss plaintiff's complaint upon the grounds that this court lacks jurisdiction over the subject matter of the complaint. In the alternative, defendants move for summary judgment pursuant to Rule 56, Fed.R.Civ.P., alleging plaintiff's complaint is barred by the applicable statute of limitations. Defendants' motion is now ripe for disposition.

■ As a partial waiver of sovereign immunity, the FTCA's jurisdictional requirements must be strictly construed. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). The filing of an administrative claim with the appropriate federal agency is a jurisdictional prerequisite to the institution of suit under the FTCA. *See, House v. Mine Safety Appliance Co.,* 573 F.2d 609, 614 (9th Cir.1978), *cert. denied, sub nom., Silver Dollar Mining Co. et al. v. PVO International Inc., et al.,* 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978); *Blain v. United States,* 552 F.2d 289, 291 (9th Cir.1977). Therefore, when a plaintiff fails to comply with the FTCA's administrative requirements, courts have no jurisdiction over the alleged claim. *See, Caton v. United States,* 495 F.2d 635 (9th Cir.1974); *Claremont Aircraft Inc. v. United States,* 420 F.2d 896 (9th Cir.1969).

In the instant case, plaintiff initially filed a timely administrative claim with the Department of Interior, Bureau of Indian Affairs. Said claim was denied in an administrative determination dated and mailed to her attorney on March 12, 1986. Thereafter, on September 15, 1986, the Depart-

ment of Interior received plaintiff's request for a reconsideration of the administrative denial of her claim. Finally, plaintiff filed her complaint in the present action on October 22, 1986.

In moving to dismiss plaintiff's complaint, defendants assert this court lacks subject matter jurisdiction to review the March 12, 1986, administrative denial of plaintiff's claim because the plaintiff's complaint herein was not filed within the six month time limit imposed by 28 U.S.C. § 2401(b).[1]

■ Pursuant to section 2401(b), a plaintiff asserting a tort claim against the federal government is "forever barred" from seeking relief in court unless he institutes suit within six months of the date the final administrative denial of his claim is mailed. See, Claremont, Inc. v. United States, supra, 420 F.2d at 897.

The Ninth Circuit, in Woirhaye v. United States, 609 F.2d 1303 (9th Cir.1979), addressed the issue of what constituted a final agency decision for the purposes of 28 U.S.C. § 2401(b). Specifically, it held that when an agency denies a claim under the FTCA in accordance with the procedure required by the applicable regulations,[2] such a decision constitutes a final denial for purposes of section 2401(b). Woirhaye, supra, 609 F.2d at 1306; see also, Claremont, Inc. v. United States, supra, 420 F.2d 896.

Another Ninth Circuit decision, Hatchell v. United States, 776 F.2d 244 (9th Cir.

1985), held an agency's letter was a sufficient final denial of claim provided it simply states the agency had reviewed the claim, denied it, would take no further action, and was giving notice to plaintiff that he had six months within which to bring suit in the district court. Hatchell, 776 F.2d at 246. The circuit expressly declined to require any specific verbal formulation to ensure compliance with regulations governing denial of claims. Id. at 245–46.

Upon review, this court finds the BIA complied with the procedure outlined in 28 C.F.R. § 14.9(a) in denying plaintiff's administrative claims. Therefore, the March 12, 1986, administrative denial ordinarily would have been the final agency action from which the six month period under section 2401(b) would be calculated.

In the present case, however, an issue arises as to the effect of plaintiff's request for reconsideration. A timely filed request for reconsideration extends the time in which a claimant may file suit until six months after the filing of said request.[3]

Therefore, the court must now determine whether plaintiff's request for reconsideration was timely filed. The regulation provision regarding requests for reconsideration requires such a request be filed within the six month period provided in section 2401(b).[4]

■ Plaintiff argues no specific methodology exists for determining the expiration

1. Section 2401(b) provides:
   A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of *final denial* of the claim by the agency to which it was presented. (emphasis added).

2. 28 C.F.R. § 14.9(a), provides:
   (a) Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial ... shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S.

District Court not later than 6 months after the date of mailing of the notification.

3. 28 C.F.R. § 14.9(b), provides:
   ... Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration....

4. 28 C.F.R. § 14.9(b) provides:
   (b) Prior to the commencement of suit and prior to the expiration of the 6–month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section....

of the six month period for filing requests for reconsideration. The court disagrees.

The Ninth Circuit has not directly addressed the issue of how to compute the six month time limit. It has, however, indicated its view *in dicta.* In *Hatchell v. United States,* 776 F.2d 244 (9th Cir.1985), the claimant's FTCA claim was denied by the Bureau of Prisons, United States Department of Justice on January 14, 1981. On appeal, the Ninth Circuit held the claimant's tort action commenced on July 17, 1981, was three days beyond the relevant statute of limitations, *i.e.,* six months, pursuant to 28 U.S.C. § 2401(b).

Although the Ninth Circuit did not explain its reasoning in computing the six month time limit, the dates involved make clear that it applied the method first set forth in *Yedwab v. United States,* 489 F.Supp. 717 (D.N.J.1980). *See also, McDuffee v. United States,* 769 F.2d 492 (8th Cir.1985); *Kollios v. United States,* 512 F.2d 1316 (1st Cir.1975). Under that method, the six month period is computed by excluding the date the final agency denial is mailed and including the day six months thereafter. *Yedwab, supra,* 489 F.Supp. at 719. In effect, the *Yedwab* method makes the six month anniversary date of the mailing of the denial letter the last day of the six month period.

■ In the instant case, the BIA mailed its final denial of plaintiff's claim on March 12, 1986. Therefore, under the *Yedwab* method, the last day of the six month period set forth in section 2401(b) was September 12, 1986. However, plaintiff's request for reconsideration was not received by the BIA until September 15, 1986. In light of several circuits' strict compliance with the six month requirement,[5] this court is compelled to conclude plaintiff's request for reconsideration falls outside the six month period mandated by section 2401(b) and, therefore, was untimely.

**5.** *See, Hatchell v. United States, supra* (Ninth Circuit dismissed FTCA case for being filed three days after the six month period); *McDuffee v. United States, supra* (Eighth Circuit dismissed FTCA claim for being filed one day after

■ Plaintiff asserts she met the six month deadline by mailing the request for reconsideration prior to September 12, 1986. In support, plaintiff simply cites Rule 5(b), Fed.R.Civ.P. Plaintiff ignores the fact, however, that in order to file a request for reconsideration, the request must be received by the agency; simply mailing the request is insufficient. 28 C.F.R. § 14.2(a). *See also, Bailey v. United States,* 642 F.2d 344, 347 (9th Cir.1981); *Anderberg v. United States,* 718 F.2d 976, 977 (10th Cir.1983), *cert. denied,* 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 463 (1984).

Finally, plaintiff submits defendants' motion should be denied based on equitable considerations. Specifically, plaintiff cites the fact the Field Solicitor's Office changed its address and failed to apprise plaintiff of its new location.

■ Upon review, the court is compelled to reject plaintiff's equitable argument. First, plaintiff has failed to establish the existence of any duty on the part of the Field Solicitor's Office to report its change of address. Second, the fact remains plaintiff chose to mail her request for reconsideration on September 10, 1986, thereby allowing just two days for its delivery to the Solicitor's Office. Plaintiff chose to wait until the last possible moment to mail the request for reconsideration and now must live with the results of that decision. Third, the limitations period in section 2401(b) cannot be extended for equitable considerations. *Anderberg v. United States, supra,* 718 F.2d at 977.

CONCLUSION

■ Plaintiff's administrative claim was denied in an administrative determination dated and mailed to her attorney on March 12, 1986. The Department of Interior received plaintiff's request for reconsideration on September 15, 1986, which was outside the six month period required by section 2401(b). Plaintiff's request for re-

the six month period); *Kollios v. United States, supra* (First Circuit held six month period expired on January 23rd; suit filed on January 24th was dismissed for lack of jurisdiction).

consideration was untimely and, therefore, the March 12th administrative denial became the final agency action with respect to plaintiff's claim.

Accordingly, plaintiff's complaint herein was also filed untimely in that it was not filed within six months of the final administrative denial of plaintiff's claim as required by 28 U.S.C. § 2401(b). Since the period within which suit must be filed is a condition to the waiver of sovereign immunity and, therefore, jurisdictional, this court is without jurisdiction to hear this matter.

Missing the chance to present what may be a meritorious claim because the filing deadline was missed no doubt seems harsh, but as the above-cited cases make clear, the six month requirement must be strictly construed and this court has no power to extend it.

Therefore, for the reasons set forth herein, defendants' motion to dismiss is hereby GRANTED. Plaintiff's complaint is hereby dismissed with prejudice.