**FOLTZ–NELSON ARCHITECTS, Appellant,**

v.

**Micki E. KOBYLK, et al., Appellees.**

**No. S–2050.**

Supreme Court of Alaska.

Feb. 19, 1988.

William F. Meese, Anchorage, for appellant.

Roger E. Holl, Kenai, for appellees.

Micki E. Kobylk, pro se.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This case questions the manner of computing time in which an action must be started to foreclose a mechanic's lien.

Foltz–Nelson Architects entered into a contract with and provided architectural services for Micki E. Kobylk. Kobylk refused to pay for services rendered. Foltz–Nelson recorded a claim of lien against Kobylk's real property on July 19, 1985, and recorded an extension of lien on January 16, 1986.

Near the end of the six-month period in which Foltz–Nelson was permitted to foreclose on its lien, Kobylk filed a malpractice

action against Foltz–Nelson. *See Kobylk v. Foltz–Nelson*, Case No. 3AN–86–8734 Civil. Kobylk served Foltz–Nelson on July 14, 1986. On July 17, 1986 Foltz–Nelson filed an action to foreclose its lien, thereby initiating the instant case.[1]

Kobylk argues that Foltz–Nelson's action to foreclose the lien was untimely because it should have been filed on or before July 16, 1986. Foltz–Nelson contends that it had until July 17, 1986 to file the action.

Under former AS 34.35.080(a)(2) (1985), a claim of lien continued to encumber property when an action was commenced "within six months after recording an extension of notice." "Month" is defined as calendar month rather than a set number of days. AS 01.10.060(3).

In *David v. Sturm, Ruger & Co., Inc.*, 557 P.2d 1133 (Alaska 1976) we applied AS 01.10.080 to hold that a statutory time period is computed by excluding the first day and including the last day. *See* AS 01.10.-080; *see also* Alaska R.Civ.P. 6(a). There we concluded that where plaintiff was injured on July 3, 1974, the statute of limitations began to run on July 4, 1974 and expired on July 3, 1976. In the case at bar Foltz–Nelson filed its extension of lien January 16, 1986. The six-month period started to run one day later on Friday, January 17. The last day of the six-month period was Wednesday, July 16, 1986. Foltz–Nelson did not commence an action to foreclose the lien on or before July 16, therefore we conclude that Foltz–Nelson's claim to foreclose the lien is barred.

■ Foltz–Nelson urges us to adopt the reasoning of *Rodriguez v. United States*, 382 F.Supp. 1 (D.P.R. 1974). There the court held that the limitations period runs from the day after the triggering event up to and including the same calendar date six months later. In that case the triggering event occurred December 29, thus the limitations period ran from December 30 to June 30. *Rodriguez* has been rejected by other courts as rewriting the statute to

---

1. The instant case is numbered 3AN–86–9111 Civil. Foltz–Nelson's complaint shows two date stamps: July 17, 1986 and July 22, 1986. Because of our disposition of the case we need not

address which date is controlling. For purposes of this opinion we assume the complaint was effectively filed on July 17, 1986.

allow six months and one day. *See, e.g., Vernell v. U.S. Postal Serv.,* 819 F.2d 108, 111 (5th Cir.1987); *Yedwab v. United States,* 489 F.Supp. 717, 719 (D.N.J.1980). We are not persuaded to follow it and thereby overrule *David v. Sturm, Ruger & Co., Inc.*

For the reasons stated[2] the decision of the superior court is AFFIRMED.

---

**2.** Foltz–Nelson also argues that the superior court erred in refusing to consolidate the instant case and *Kobylk v. Foltz–Nelson Architects,* 3AN–86–8734 Civil. We hold that the superior court did not abuse its discretion in denying Foltz–Nelson's motion to consolidate the two cases. *See Wien Air Alaska v. Bubbel,* 723 P.2d 627, 632 (Alaska 1986).

We also find that the superior court did not abuse its discretion in denying Foltz–Nelson's motion to amend its complaint to state a claim based upon an account stated. The record con-

tains no evidence indicating Foltz–Nelson will not be permitted to amend its answer in Case No. 3AN–86–8734 to state a counterclaim based upon an account stated.

Finally, the question whether the superior court erred in denying Foltz–Nelson's motion to add an omitted counterclaim and whether the complaint to foreclose a lien may be treated as a counterclaim is not properly before this court. This question must first be decided by the superior court in Case No. 3AN–86–8734.