Violet M. MAAHS, and Alfred J. Maahs, her husband, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 87–3353.

United States Court of Appeals, Eleventh Circuit.

March 23, 1988.

---

David Holbrook, Monte R. Shoemaker, Chet Parker, Orlando, Fla., for plaintiffs-appellants.

Robert W. Merkle, U.S. Atty., Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., for defendant-appellee.

Before HILL, Circuit Judge, HENDERSON *, Senior Circuit Judge, and VINING **, District Judge.

HILL, Circuit Judge:

In this case the sole issue before us is the applicability of Fed.R.Civ.P. 6(a) ("Rule 6(a)") to 28 U.S.C. § 2401(b) (1982) ("section 2401(b)"), which sets forth the time frame within which a claim can be brought against the federal government pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80 (1982). If the computation system prescribed in Rule 6(a) applies to section 2401(b), then the claim at issue was timely. If, on the other hand, Rule 6(a) does not apply, then appellants presented their claim too late and the district court correctly dismissed the action. For the reasons expressed below, we believe that Rule 6(a) applies to section 2401(b); therefore, we reverse the district court's ruling.

The relevant segment of section 2401(b) reads: "[a] tort claim against the United

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Robert L. Vining, Jr. U.S. District Judge for the Northern District of Georgia, sitting by designation.

States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b) (1982). These words, on their face, seem simple enough. A claimant bringing a tort action against the United States has two years in which to present the claim; after two years the claimant loses the right to proceed. But when the claimant presents his claim within a day or two of the deadline, the calculation of the two-year period becomes all-important. At that point a problem emerges: section 2401(b) does not give agencies and courts precise instructions as to how to compute the two years.

The case before us illustrates this problem. On January 25, 1984, Violet M. Maahs suffered injuries while waiting with her husband in the emergency room of the Naval Regional Medical Center in Orlando, Florida.[1] Alleging that the negligence of hospital personnel caused her injury,[2] Ms. Maahs, along with her husband Alfred J. Maahs, brought a claim against the government.[3] Their attorney, Chet Parker, Esquire, mailed their claim to the Naval Legal Service Office on Friday, January 24, 1986. It arrived at the office on Monday, January 27, 1986.

The Department of the Navy determined that the claim was untimely under section 2401(b), and denied the Maahses' claim. Following this denial, the Maahses filed their complaint in federal district court. The United States moved to dismiss the action, arguing that claimants had not presented their claim to the agency on time, and that consequently the court had no jurisdiction over this subsequent proceeding. The district court granted this motion and then denied the Maahses' motion to reconsider the case. The Maahses appealed to this court.

■ Appellants' argument is a simple one. They claim that the district court incorrectly computed the two-year period. According to appellants, Fed.R.Civ.P. 6(a) provides the proper system for determining exactly when the two-year period ends:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday,.... in which event the period runs until the end of the next day which is not one of the aforementioned days....

Fed.R.Civ.P. 6(a). If Rule 6(a) applies, then the district court should have begun counting on January 26, 1984, the day *after* the cause of action arose. Thus, appellant claims, the two-year period normally would have ended on January 25, 1986. January 25, 1986, however, was a Saturday. According to Rule 6(a), both that day and the following day, a Sunday, should not have been counted. As a result, the two years should have ended on January 27, 1986. Since the notice arrived at the federal agency on that day, appellants conclude the claim was timely, the denial of review by the agency was improper, and the district court should have found that it had jurisdiction.

Before we explain why we agree with appellants, it is necessary to explore the various ways in which the two-year time frame of section 2401(b) could be calculated. First, the statute itself could be read to mandate that courts must begin counting the two-year limitation period on the day *after* the claim arose. *See* 28 U.S.C. § 2401(b) (1982 & Supp. III 1985) ("within two years *after* such claim accrues") (em-

---

1. Appellants allege that Naval medical personnel instructed Ms. Maahs to sit on a particular stool, and that when she complied the stool rolled out from under her. Plaintiffs assert that Ms. Maahs fell to the floor and seriously injured her back.

2. Appellants claim that the hospital employees knew that other people had had similar accidents and yet instructed Ms. Maahs to sit on the stool without warning her to be careful.

3. Ms. Maahs alleged personal injury, while Mr. Maahs claimed damages due to loss of consortium.

phasis added); *see also Yedwab v. United States,* 489 F.Supp. 717, 719 (D.N.J.1980) ("[section] 2401(b), like Rule 6(a), excludes the day of the event...."). If we read section 2401(b) in this manner, we would have no need to turn to Rule 6(a) to decide not to count the day of injury. That part of Rule 6(a) that deals with Saturdays, Sundays, and holidays, however, has *no* counterpart in section 2401(b); consequently, it would not apply. Secondly, section 2401(b) could be read, and the government argues should be read, to command us to ignore Rule 6(a) in this area of the law and to begin counting the two years on the day the claim arises, making no allowances for Saturdays, Sundays, or holidays. Under the third method of calculation, the one proposed by appellants, the court would apply Rule 6(a).

 Our circuit's law concerning statutes of limitation has helped us to reach the conclusion that appellants' approach is the correct one. Section 2401(b) and a statute of limitations are undeniably similar. Both establish time frames within which certain claims must be brought, and both operate in essentially the same way.[4] Therefore, we find that the manner in which we actually compute statute of limitations periods does apply to our analysis of section 2401(b).

The law regarding statutes of limitations is clear. Our court has consistently held that the method of Rule 6(a) applies to federal statutes of limitations. *E.g., In re Gotham Provision Co.,* 669 F.2d 1000, 1014 (5th Cir. Unit B) (Packers and Stockyards Act), *cert. denied,* 459 U.S. 858, 103 S.Ct. 129, 74 L.Ed.2d 111 (1982);[5] *Lawson v. Conyers Chrysler, Plymouth, Etc.,* 600 F.2d 465, 465–66 (5th Cir.1979) (Truth in Lending Act).[6] *See also J. Aron & Co. v. S/S Olga Jacob,* 527 F.2d 416, 417 (5th Cir.1976) (per curiam) (complying with "spirit" of Rule 6(a) in Carriage of Goods by Sea Act). We believe that this precedent should apply to section 2401(b) as well. *Accord Vernell v. U.S. Postal Service,* 819 F.2d 108, 111 n. 6 (5th Cir.1987) (finding Rule 6(a) applicable to section 2401(b) because of *In re Gotham Provision* ).[7]

In addition, we find some suggestion that the former Fifth Circuit has already utilized Rule 6(a) in calculating another limitations period set forth in section 2401(b). That part of the statute allows a claimant only six months to resort to federal district court after a federal agency's denial of the claim. *See* 28 U.S.C. § 2401(b) (1982). In the relevant case, the Fifth Circuit determined that a particular claimant's limitations period "began to run on the date of mailing, February 5, and ran on August 6, 1973." *Carr v. Veterans Administration,* 522 F.2d 1355, 1357 (5th Cir.1975). Because the opinion does not explain how the court arrived at its result, it is not clear whether or not the court applied Rule 6(a).[8]

---

**4.** The principal distinction between the two is that section 2401(b) is part of the FTCA, which creates the previously non-existent right to sue the government in tort. The FTCA contains the government's consent to be sued in tort, a consent that the government was not required to give. While a statute of limitations would bar an otherwise valid suit after a certain period, under the FTCA the very right to sue evaporates after the expiration of the stated time. We read this waiver of sovereign immunity narrowly. *Carr v. Veterans Administration,* 522 F.2d 1355, 1357 (5th Cir.1975); *Manstream v. United States Department of Agriculture,* 649 F.Supp. 874, 880 (M.D.Ala.1986). Consequently, extensions and tolls applicable to normal statutes of limitations do not operate to lengthen the two-year period described in section 2401(b). *See e.g., Simon v. United States,* 244 F.2d 703 (5th Cir.1957) (no toll for disability). However, we do not find this distinction relevant to the issue before us.

**5.** The holdings of Unit B of the Fifth Circuit bind the Eleventh Circuit. *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

**6.** Fifth Circuit decisions rendered prior to October 1, 1981, bind our circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

**7.** Decisions reached by the current Fifth Circuit obviously do not bind our circuit. *Cf. Bonner,* 661 F.2d at 1207. Because *Vernell* interprets an old Fifth Circuit case that is binding precedent in both the Fifth and the Eleventh Circuits, however, we find the *Vernell* court's analysis highly persuasive.

**8.** As we have explained previously, the court could have reached this result by reading section 2401(b) as excluding the day of the injury.

A later Fifth Circuit opinion, however, based its analysis of *Carr* on the assumption that the court had applied Rule 6(a). *See Vernell*, 819 F.2d at 111 n. 4. We find the *Vernell* court's interpretation of *Carr* highly persuasive. *See also Tribue v. United States*, 645 F.Supp. 1024, 1026 (N.D.Ill.1986) (stating that *Carr* apparently used a computation system involving Rule 6(a)), *rev'd on other grounds*, 826 F.2d 633 (7th Cir.1987). If Rule 6(a) applies to one part of section 2401(b), then logically it should apply to the other part as well.

Our holding in this case is consistent with our general policy of finding a legislative intent to apply Rule 6(a) to all federal statutes enacted or amended subsequent to Rule 6(a)'s promulgation. *Wilkes v. United States*, 192 F.2d 128, 129 (5th Cir.1951). *See also Rodriguez v. United States*, 382 F.Supp. 1, 2 (D.P.R.1974) (applying the *Wilkes* principle to hold that Rule 6(a) applies to the subsequently enacted section 2401(b)). In addition, we note that with this decision we are joining the majority of circuits that have dealt with the issue, and have incorporated Rule 6(a) into section 2401(b). *See Vernell*, 819 F.2d at 111 n. 6 (5th Cir.); *Hart v. United States*, 817 F.2d 78, 79 (9th Cir.1987); *Frey v. Woodard*, 748 F.2d 173, 175 (3d Cir.1984); *Tribue*, 826 F.2d at 635 (7th Cir.).[9]

Because we hold that Rule 6(a) applies in this case, the district court must be REVERSED.[10]

---

**9.** Not all circuits have adopted this approach, however. The Sixth Circuit, which refuses to apply Rule 6(a) to the Truth in Lending Act (*Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118, 1119 (6th Cir.1980)), would probably reject the approach we have adopted in this case. *See U.S. v. Glass Nursing & Convalescent Homes, Inc.*, 550 F.Supp. 1149, 1151 (S.D.Ohio 1982) ("We assume without deciding that courts in the Sixth Circuit are required to follow *Rust* and interpret [all] statutes of limitations by construing the statutory language, and not by utilizing the computation method of Rule 6(a).").

**10.** Appellee also argued that this case was properly dismissed because appellants could have filed their claim at the Naval hospital, which is open on Saturdays and Sundays; appellee argued that consequently any rule not counting those days is inapplicable. This issue, however, has been resolved to the contrary by the Supreme Court. *See Jones & Laughlin Steel Corp. v. Gridiron Steel Co.*, 382 U.S. 32, 86 S.Ct. 152, 15 L.Ed.2d 26 (1965) (per curiam).