995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George BACA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-16919.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1993.
Decided May 25, 1993.
 
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Baca contests the district court's dismissal of his suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, arising from a collision on June 23, 1989, between Baca's vehicle and a Coast Guard truck. We agree with the district court's dismissal and find no improprieties in the court's handling of this case, and thus we affirm.
 
 
 3
 * Baca's major contention is that the district court erred in dismissing with prejudice his tort claims against the United States government, because Baca failed to meet the statute of limitations requirements delineated in 28 U.S.C. § 2401(b).
 
 
 4
 Baca initially filed his claims from the automobile accident with the General Services Administration ("GSA"), which notified Baca it was forwarding his claims to the Coast Guard Legal Office ("CGLO") and informing him he should direct all future correspondence to that office. On July 3, 1990, the CGLO sent Baca a certified letter denying his claims. The letter concluded:
 
 
 5
 Your claim against the Coast Guard is denied. This denial constitutes final agency action. If you are not satisfied with my decision in this matter, you may request reconsideration of my decision. Your request should be based upon new facts or law that were not presented prior to this denial. A request for reconsideration must be submitted to this office within six months of the date of this letter. You may also initiate a suit against the United States in an appropriate federal District Court. Suit must be filed within six months of the date of this letter.
 
 
 6
 (emphasis added). Baca did not request reconsideration of this matter with the CGLO. On February 20, 1991, over seven months from the date of the agency denial of his claim, Baca filed a claim in district court under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 ("FTCA").
 
 
 7
 The FTCA authorizes suits against the United States for money damages for personal injury resulting from the negligent or wrongful acts or omissions of United States employees acting within the scope of employment. The FTCA is a limited waiver of sovereign immunity. See 28 U.S.C. §§ 2401, 2674. Title 28 U.S.C. § 2401(b) provides that such a tort claim against the United States is barred "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."
 
 
 8
 The certified letter sent by the CGLO on July 3, 1990, plainly constitutes a "final denial" by the agency to which Baca's claim had been presented. Contrary to appellant's assertion in his brief that the CGLO sent a letter "purporting" to deny plaintiff's claim, the letter unambiguously constituted a denial of Baca's claims. The letter stated Baca's claims were denied, that this decision constituted "final agency action," and correctly advised him he had six months to file suit in district court. The letter complied in all respects with the requirements of 28 C.F.R. § 14.9, which specifies the procedure for notification of final agency denial of a claim. Baca argues he did not submit a claim to the CGLO, and that the GSA never denied his claim. That argument is frivolous. The letter he received from the GSA on June 21 clearly stated the claim he had submitted to GSA was being forwarded to CGLO, the proper agency for consideration of those claims.[1]
 
 
 9
 Because the letter constituted notice of a final agency denial of his claim, Baca had six months to request reconsideration of that denial or file a claim under the FTCA in district court. He did neither within that time period. Because the claim he eventually did file was beyond the six month statute of limitations of section 2401(b), the district court lacked jurisdiction to consider that claim. Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir.1984).
 
 
 10
 Baca argues that even if the July 3 letter constituted notification of a final agency denial, GSA misled him into believing his claim had been reconsidered and that the government was prepared to settle. Baca is referring to a letter he received from GSA on October 29, 1990. The letter initially informed him again that the CGLO was the proper agency with which to file any claims and included blank claim forms for submission to that office. The letter then went on to state:
 
 
 11
 We have been advised by our legal office that according to the police report, your driver was also cited for the accident. Therefore, we are willing to accept a 50% settlement to accept settle this claim.
 
 
 12
 Please forward your check for $322.50 payable to "General Service Administration" to the following address....
 
 
 13
 Baca now claims he construed this letter as a reconsideration of the July 3 denial and a government offer of a 50% settlement of his claims. In a letter sent to GSA dated February 12, 1991, Baca's attorney informed GSA of his client's acceptance of the settlement offer contained in the October 29 letter. However, GSA informed Baca on February 27, 1991 that the offer for settlement was only for the damages to the government vehicle involved in the accident.
 
 
 14
 Baca argues the October 29 letter caused him to "reasonably believe" his claim had been reconsidered, and thus the six month limitation should be subject to "equitable tolling" and his February 29, 1991 lawsuit should be considered timely filed under § 2401(b). However, this circuit has rejected the argument that § 2401(b) is subject to such "equitable tolling." Burns v. United States, 764 F.2d 722, 724 (9th Cir.1985) (§ 2401(b) is jurisdictional, and the "government may not be equitably barred from asserting jurisdictional requirements.")
 
 
 15
 "Although exceptions to the applicability of the limitations period might occasionally be desirable, we are not free to enlarge that consent to be sued which the Government, through Congress had undertaken so carefully to limit. The limitations period established by Congress must be strictly observed and exceptions thereto are not to be implied."
 
 
 16
 Claremont Aircraft, Inc. v. United States, 420 F.2d 896, 898 (9th Cir.1969) (quoting Mann v. United States, 399 F.2d 672, 673 (9th Cir.1968)) (citations and quotations omitted).
 
 
 17
 Although the running of the statute of limitations cannot be equitably tolled, the October 29 letter could disturb the finality of the July 3 denial. If an "agency leads the claimant reasonably to believe that it is still actively considering the original claim," the prior agency decision does not constitute a final denial and thus § 2401(b) is inapplicable. Woirhaye v. United States, 609 F.2d 1303, 1306 (9th Cir.1979).
 
 
 18
 However, we agree with the district court's determination the October 29 letter could not be reasonably construed as a reconsideration of the earlier denial. The October 29 letter was merely an offer by GSA to settle the government's claim against Baca for damages to the Coast Guard vehicle on a 50% basis. That intent is obvious from the succeeding sentence in that letter which instructs Baca to forward a check for $322.50 to the GSA. Nowhere does the letter indicate the earlier denial had been reconsidered, and in fact the opening of the letter again instructs Baca that the CGLO and not GSA was the appropriate agency to direct any claims he might have against the government. Baca also never made any requests for reconsideration of the July 3 denial. A prudent attorney, who had reasonably believed the October 29 letter might constitute a reconsideration of the earlier denial, would have contacted the GSA for clarification by January 3, before the expiration of the six month statute of limitations on the July 3 denial. Baca's attorney did not contact GSA regarding this supposed reconsideration until February 12.
 
 
 19
 Because the July 3 letter plainly constituted a final agency denial of his claim and Baca did not file his suit until after the expiration of the statute of limitations, the district court correctly dismissed his suit for lack of jurisdiction.
 
 II
 
 20
 Baca makes two other allegations of district court impropriety which he claims require reversal.[2] These contentions are meritless.
 
 
 21
 Baca briefly asserts the court committed "prejudicial error" because it accepted the government's reply papers in support of the motion to dismiss on the day the matter was deemed submitted, even though the local rules require such papers be submitted at least one week in advance of a hearing. Baca is correct that the local rules require submission of reply papers one week before a hearing to allow opposing counsel an opportunity to review them before oral argument. See Local Rule 220-3. However, that rule is inapplicable in this case as no hearing was to take place. The magistrate notified both parties there would be no argument and the matter would be submitted only on the papers. Thus Baca's claim in his briefs of prejudice because he "was not given a meaningful opportunity to respond on the merits" is frivolous--when a matter is submitted on the papers opposing counsel has no opportunity to respond to reply papers. The magistrate's consideration of the government's papers filed on the day the matter was deemed submitted did not prejudice appellant. Moreover, the government points out that the magistrate in this case has a standard policy of considering reply papers to be timely if filed on the date the matter is deemed submitted on the papers.
 
 
 22
 Baca's second argument has even less merit. Baca argues we must set aside the dismissal as "clearly erroneous" because the magistrate's order stated the wrong year for the date of the accident and occasionally juxtaposed the acronyms "GSA" and "CGLO." We are unconvinced such minor errors mandate reversal.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if Baca's claim was submitted to both GSA and CGLO, if "any one of the concerned Federal agencies takes final action on that claim, the final action thus taken is conclusive on the claims presented to the other agencies in regard to the time required for filing suit set forth in 28 U.S.C. 2401(b)." 28 C.F.R. § 14.2(b)(3)
 
 
 [2]
 The third allegation in appellant's brief, which involved ex parte communications between the U.S. Magistrate and opposing counsel, was withdrawn by appellant's counsel at oral argument