**Sherrie LINTON, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 99–16684.**

**D.C. No. CV–97–02695–VAM.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2000.[1]

Decided Jan. 2, 2001.

---

**1.** The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before KOZINSKI, MICHAEL DALY HAWKINS, and BERZON, Circuit Judges.

## MEMORANDUM [2]

The district court dismissed this Federal Tort Claim as barred by the statute of limitations,[3] holding that an offer by the Postal Service to settle subsequent to a "final denial" neither revokes the finality of the prior "final denial" nor tolls the running of this limitations period.

Our cases are not to the contrary. *See Claremont Aircraft, Inc. v. United States,* 420 F.2d 896, 898 (9th Cir.1970) (post denial communications do not necessarily invalidate agency's final denial); *Woirhaye v. United States,* 609 F.2d 1303, 1306 (9th Cir.1979) (a final order is not disrupted unless "[t]he agency leads the claimant reasonably to believe that it is still actively considering the original claim. . . .").

Linton was not misled by the Postal Service into reasonably believing that the Postal Service was actively considering her claim. Given that (1) the Postal Service

attorney did not say anything about reversing the finality of the "final denial" during the July 18 telephone conversation and (2) Linton never attempted to accept, refuse, or even confirm whatever settlement offer was made on July 18, Linton has not shown that she was reasonably misled.

It was unreasonable for Linton to rely on the July 18 phone conversation as a basis for not filing suit within the statutory time period. Linton cannot meet the *Woirhaye* standard and her personal injury claim is time barred. The dismissal by the magistrate judge is AFFIRMED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**3.** Under 28 U.S.C. § 2401(b), claimants must file suit within six months of "final denial" of their administrative claim.