**CLAREMONT AIRCRAFT, INC., a corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24311.**

United States Court of Appeals Ninth Circuit.

Nov. 24, 1969.

As Amended Jan. 26, 1970.

Jerome R. Cronk (argued), of Clodfelter, Lindell & Carr, Seattle, Wash., for appellant.

Michael J. Swofford (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before BARNES, ELY and HUFSTEDLER, Circuit Judges.

ELY, Circuit Judge:

The appellant, plaintiff below, sued the Government under the provisions of the Federal Tort Claims Act, 28 U.S.C.

§§ 2671–2680. The District Court granted the Government's motion for summary judgment, holding that the suit was barred by the applicable statute of limitations.

An airplane owned by the appellant was damaged in an accident which occurred on March 12, 1967. On August 8, 1967, the appellant presented an administrative claim to the United States Air Force. The claim, dated June 2, 1967, sought damages in the sum of $1,564.91 and represented that the damage resulted from negligence on the part of the Air Force. After extensive investigation, the Air Force rejected the claim. In a letter written by an Acting Staff Judge Advocate under date of September 14, 1967, it communicated its reasons for disapproving the claim. In the same letter, which was sent to appellant's attorneys by registered mail, it was written,

"If the claimant is dissatisfied with this action, it may file suit in the U. S. District Court not later than six months after the date of this notice under the provisions of the Federal Tort Claims Act."

One of the appellant's stockholders then sought, and apparently obtained, the intervention of a United States Senator. This led to the extending, by the Staff Judge Advocate of the air field on which the accident had occurred, of an invitation to appellant's representatives to visit the facility and conduct a visual inspection. This written invitation was dated November 15, 1967, and the invited visit was made on November 30, 1967.

Thereafter, on January 8, 1968, the Chief of the Air Force's Claim Division wrote another letter to appellant. In this letter, the claim was again reviewed and the appellant advised,

"Your firm was informed by letter dated September 14, 1967, by the Acting Staff Judge Advocate of Headquarters, Ogden Air Material Area, at Hill Air Force Base, Utah, that your client's claim had been dis-approved. As we have informed [a named United States Senator] in this matter no evidence has been presented which would allow the Air Force to change its position in this matter."

After receiving this letter, the appellant made another inquiry, and the Chief of the Claims Division replied on July 22, 1968, reiterating the position that the Air Force had consistently taken. The appellant filed its suit on August 20, 1968.

From the foregoing, it is seen that the suit was instituted within two years from the date the claim accrued but more than six months after the Air Force's notice, by registered mail, of its disapproval of the claim.

The applicable statute, 28 U.S.C. § 2401(b), provides:

"Time for commencing action against United States.

"(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

The provision is clear. Every tort claim against the United States must first be presented to the appropriate federal agency. 28 U.S.C. § 2675(a) (Supp. III, 1965–67). The claimant is "forever barred" from seeking relief in the courts unless he institutes suit "within six months after the date of mailing, by * * * registered mail, of notice of final denial of the claim * * *." This is confirmed by significant legislative history. See 2 U.S.Code Cong. & Adm.News, 89th Cong., 2nd Sess., pp. 2515, 2522 (1966).

We agree with the District Court's observation that:

"The purpose of the statute is to prevent persons who are informed that their claims are no longer being con-

sidered and have been denied by an agency from procrastinating for more than six months."

We also agree that the Air Force letter of September 14, 1967, sent by registered mail, constituted a "notice of final denial of the claim" within the meaning of the statute. It was the only communication sent by the "appropriate Federal agency" via "registered mail," as specified by the statute, and the courtesy of the Air Force in supplying subsequent oral and written explanation should not be held to erase, or vitiate, its previous "final denial." The appellant argues that the Government, acting through the Air Force, either waived its right to rely upon the limitations statute or should be estopped from doing so. The answer is that ordinary principles of estoppel or waiver are not applied against the Government. But even if the law were otherwise and if we assume that all of the facts presented by appellant were true, those facts were insufficient to supply the strictly required elements of the principles. *See, e. g.,* Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 249 F.2d 277, 281 (9th Cir. 1957), cert. denied, 356 U.S. 932, 78 S.Ct. 775, 2 L.Ed.2d 763 (1958); California State Board of Equalization v. Coast Radio Products, 228 F.2d 520, 525 (9th Cir. 1955); James v. Nelson, 90 F.2d 910 (9th Cir.), cert. denied, 302 U.S. 721, 58 S.Ct. 41, 82 L.Ed. 556 (1937).

In Mann v. United States, 399 F.2d 672 (9th Cir. 1968), we wrote:

"Although exceptions to the applicability of the limitations period might occasionally be desirable, we are not free to enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit. See United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L. Ed. 1058 (1941). The limitations period established by Congress 'must be strictly observed and exceptions thereto are not to be implied.' Soriano v.

United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957)."

*Id.* at 673. *See also* Powers v. United States, 390 F.2d 602 (9th Cir. 1968).

Affirmed.