**FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

MICHAEL H. REDLIN,
*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,
*Defendant-Appellee.*

No. 17-16963

D.C. No.
4:16-cv-00531-RCC

OPINION

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted March 5, 2019
Phoenix, Arizona

Filed April 23, 2019

Before: Sandra S. Ikuta and Michelle T. Friedland, Circuit
Judges, and Frederic Block,[*] District Judge.

Opinion by Judge Ikuta

---

[*] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

**SUMMARY**[**]

---

**Federal Tort Claims Act / Timeliness**

The panel affirmed the district court's dismissal, as untimely, of a negligence action brought under the Federal Tort Claims Act.

Plaintiff alleged that he received improper treatment at a Veteran Affairs ("VA") facility on September 25, 2014. Plaintiff presented a claim to the VA, and the VA issued a final denial of the claim in a letter dated July 14, 2015. Plaintiff did not file an action in federal court until August 10, 2016, which was past the six-month deadline for filing such claims under 28 U.S.C. § 2401(b).

The panel rejected plaintiff's arguments challenging the district court's dismissal of his lawsuit as untimely.

First, plaintiff argued that a second claim he filed with the VA on January 22, 2016 should be deemed a timely amendment of his first claim, or a timely request for reconsideration. The panel held that if the second claim is deemed to be an amendment, it is not timely because the second claim was received by the VA after it mailed its final denial – i.e., after final agency action. 28 C.F.R. § 14.2(c). The panel further held that if the second claim was deemed a request for reconsideration, it was not timely because it was received by the VA more than six months after the VA mailed its notice of final denial of his claim, and the second

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

claim, therefore, did not toll the six-month time frame for filing a lawsuit.

Second, plaintiff alleged that the district court erred in applying 28 C.F.R. § 14.2(c) to hold that the second claim was not a timely amendment.  The panel held that 28 U.S.C. § 2401(b) provides that an action must be brought within six months "after the date of mailing" of notice of final denial of the claim; and 28 C.F.R. § 14.2(c), which requires that any amendment to a claim against the United States must be made before the agency's final denial, is a permissible reading of the statute.  Plaintiff's pursuit of further review through submission of an untimely amendment did not erase the initial final denial by the agency.

Finally, the panel held that plaintiff was not entitled to equitable tolling of the limitations period in 28 U.S.C. § 2401(b), where plaintiff alleged no extraordinary circumstances excusing his failure to file a motion for reconsideration or a lawsuit within six months of the VA's denial letter.

---

## COUNSEL

John P. Leader (argued), Leader Law Firm, Tucson, Arizona, for Plaintiff-Appellant.

Melissa Marcus Kroeger (argued), Assistant United States Attorney; Robert L. Miskell, Appellate Chief; Elizabeth A. Strange, First Assistant United States Attorney; United States Attorney's Office, Tucson, Arizona; for Defendant-Appellee.

## OPINION

IKUTA, Circuit Judge:

Michael Redlin appeals the district court's order dismissing as untimely his negligence action brought under the Federal Tort Claims Act (FTCA). Because Redlin failed to file the action within six months after the Department of Veteran Affairs (VA) mailed a notice of final denial of Redlin's initial claim, and the statute of limitations did not restart when the VA declined to consider Redlin's second attempt to file the same claim, we affirm. *See* 28 U.S.C. § 2401(b).

I

We begin with an overview of the legal framework governing FTCA claims. A tort action cannot be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Congress established a deadline for bringing such actions:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id.* § 2401(b). Section 2401(b) has been interpreted as including two separate timeliness requirements. A claim is timely only if it has been: (1) submitted to the appropriate federal agency within two years of accrual and (2) filed in federal court within six months of the agency's final denial. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015).

Under regulations promulgated by the Department of Justice, a claim is "presented" to the agency for purposes of § 2401(b) when the agency receives the claim. *See* 28 C.F.R. § 14.2(a).[1] A claimant can file an amendment to the claim at any time before the agency has taken final action on the claim. *See id.* § 14.2(c).[2] An agency's final denial of a claim

---

[1] Section 14.2(a) states in full:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).

[2] Section 14.2(c) states in full:

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any

must be in writing, and must "include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification." *Id.* § 14.9(a).**[3]**

A claimant has six months after the date the agency mails the notice of final denial to file a legal action in federal court. *See* 28 U.S.C. § 2401(b). The regulations provide another option: within that same six-month period, a claimant may file a request for reconsideration with the agency. *See*

time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

28 C.F.R. § 14.2(c).

**[3]** Section 14.9(a) states in full:

Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

28 C.F.R. § 14.9(a).

28 C.F.R. § 14.9(b).[4]  Like the original claim, a request for reconsideration is deemed filed when it is received by the agency.  *See Gervais v. United States*, 865 F.2d 196, 197–98 (9th Cir. 1988).  A timely request for reconsideration tolls the six-month statute of limitations for bringing an action in district court.  *See id.* at 196–97; *see also* 28 C.F.R. § 14.9(b).  The agency has six months from the date of filing of a request for reconsideration in which to make a final disposition of the claim, and the claimant then has six months from the date of mailing of that final disposition to file a legal action.  *See Gervais*, 865 F.2d at 196–97; *see also* 28 C.F.R. § 14.9(b).

## II

We now turn to the facts of this case.  According to his complaint, Michael Redlin was treated at a VA facility in Tucson, Arizona.  Beginning on or about September 25, 2014,

---

[4] Section 14.9(b) states in full:

> Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. Final agency action on a request for reconsideration shall be effected in accordance with the provisions of paragraph (a) of this section.

28 C.F.R. § 14.9(b).

the VA "failed to promptly diagnose and discontinue treatment of a chest tube placed within the plaintiff's lung parenchyma [internal lung structures and tissues] which resulted in permanent damage and loss of pulmonary function."

Redlin presented a claim based on this September 25, 2014 incident to the VA on a standard government claim form.[5]  The claim, which requested damages of $200,000, was received by the agency on January 7, 2015.  The VA issued a final denial of Redlin's claim in a letter dated July 14, 2015, and sent to Redlin by certified mail.  The VA's denial letter stated that, after conducting an investigation, the VA had determined that "there was no negligent or wrongful act on the part of an employee of the [VA] acting within the scope of employment that caused [Redlin] compensable harm."

As required by the regulations, 28 C.F.R. § 14.9(a), the denial letter set out the steps Redlin could take if he was "dissatisfied with this decision."  First, Redlin could file a request for reconsideration with the VA General Counsel. "To be timely, VA must *receive* this request within six months of the mailing of this final denial."  Alternatively, Redlin "may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671–2680," and seek judicial relief in a federal district court.  If Redlin took the latter course, he

---

[5] Redlin claims that he provided details of his claim in a letter to the VA dated November 26, 2014.  Because the document was not part of the record before the district court, and Redlin has made no motion to supplement the record on appeal, we do not consider it.  *See Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003).

"must initiate suit within six months of the mailing of this notice as shown by the date of this denial."

Redlin did not file a suit in federal court or a request for reconsideration with the VA by January 14, 2016, six months after the VA's final denial on July 14, 2015. Instead, on January 13, 2016, Redlin mailed a second claim form to the VA, referencing the same September 25, 2014 incident, along with a letter from his counsel. The letter stated that Redlin had previously submitted a claim that had been denied on July 14, 2015, and described the new form as a "Supplemental Administrative Claim" meant "to provide additional information regarding [Redlin's] negligence claim, and to increase the amount he is demanding for damages" to $2,000,000. The VA received this second claim on January 22, 2016, which was past the six-month statute of limitations set out in 28 U.S.C. § 2401(b), and past the six-month deadline to file a request for agency reconsideration set out in 28 C.F.R. § 14.9(b).

In a letter dated February 11, 2016, the VA informed Redlin's counsel that its July 14, 2015 denial letter constituted the agency's final action on Redlin's claim. Because the second claim was not received until January 22, 2016, the VA "could not consider it to be a timely request for reconsideration" under 28 C.F.R. § 14.9(b). It concluded that "[s]ince VA has already investigated and denied a claim regarding Mr. Redlin's allegations, [it] cannot consider the supplemental claim."

Six months after the VA's letter regarding Redlin's second claim, on August 10, 2016, Redlin filed this suit against the United States based on the September 25, 2014 incident. The United States moved to dismiss the action

under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it was barred by the applicable statute of limitations, *see* 28 U.S.C. § 2401(b).

The district court granted the government's motion to dismiss. The court reasoned that because more than six months had elapsed between the VA's final denial of Redlin's claim on July 14, 2015, and the filing of Redlin's lawsuit on August 10, 2016, the suit was time-barred.

Redlin filed a timely notice of appeal. The district court had jurisdiction over this action under 28 U.S.C. § 1346(b)(1). We have jurisdiction to review its final order of dismissal under 28 U.S.C. § 1291. We review de novo the district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Gant v. County of Los Angeles*, 772 F.3d 608, 614 (9th Cir. 2014). We take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Id.*

III

There is no dispute that the VA mailed a notice of final denial on July 14, 2015, and Redlin did not file an action in federal court until August 10, 2016, over a year later and well past the six-month deadline for filing such claims under 28 U.S.C. § 2401(b). On appeal, Redlin advances several arguments as to why the district court nonetheless erred in dismissing his lawsuit as untimely. We consider each argument in turn.

A

First, Redlin argues that his second claim, which was received by the VA on January 22, 2016, should be deemed a timely amendment of his first claim, or a timely request for reconsideration. We disagree. If his second claim is deemed to be an amendment, it is not timely. The regulations allow a claim to be amended "at any time prior to final agency action" or, where there has been no final agency action within six months of a claimant's filing, prior to a claimant's exercise of the option to file suit in federal court under 28 U.S.C. § 2675(a). 28 C.F.R. § 14.2(c). Because Redlin's second claim was received by the VA after it mailed its final denial, it was not timely. Similarly, if Redlin's second claim is deemed to be a request for reconsideration it is likewise not timely: it was received by the VA on January 22, 2016, which was more than six months after the VA mailed its notice of final denial of his claim on July 14, 2015. *See Gervais*, 865 F.2d at 196–98; *see also* 28 C.F.R. § 14.9(b). Therefore, the second claim did not toll the six-month time frame for filing a lawsuit. *See* 28 U.S.C. § 2401(b).[6]

B

Second, Redlin raises a statutory argument. He argues that he fully complied with 28 U.S.C. § 2401(b) because he presented his administrative claim to the agency within two

---

[6] To the extent Redlin argues that the VA's denial of his claim on July 14, 2015, should not count as a final denial because Redlin failed to include key pieces of evidence in his initial claim, we reject that argument. While Redlin had the option of providing such additional evidence in a timely amendment or motion to reconsider, a claimant's failure to include evidence does not invalidate the agency's denial.

years of the date the claim accrued, and he filed his district court action within six months of the VA's denial of his second claim on February 11, 2016. According to Redlin, the district court erred in applying 28 C.F.R. § 14.2(c) to hold that the second claim was not a timely amendment. Redlin reasons that because the statute permits a claimant to file a claim with the agency at any time during the two-year period after the claim accrues, the agency had no authority to promulgate a regulation that would prevent the claimant from amending that claim during this period. Such a regulation, Redlin argues, impermissibly shortens the two-year statute of limitations, and is thus an unreasonable interpretation of 28 U.S.C. § 2401(b).

Following this reasoning, Redlin asserts that if a claimant chooses to present an amended claim to the agency after the agency has mailed a final notice of denial for the initial claim, but within two years of the claim's accrual, the agency must mail a new final denial as to the amended claim. The new final denial, Redlin argues, would restart the six-month time frame in which the claimant could file a legal action. In Redlin's view, a claimant could continue this process of presenting amended claims and receiving new final denials during the entire two-year period after the claim accrued.

We disagree. Section 2401(b) provides that an action must be brought within six months "after the date of mailing" of notice of final denial of the claim. 28 U.S.C. § 2401(b). This language makes clear that the limitations period begins running as soon as the agency mails its initial final notice, *see Parker v. United States*, 935 F.2d 176, 177 (9th Cir. 1991); nothing in the statute indicates that subsequent notices from the agency could alter or extend the running of the six-month period on the tort claim at issue. Indeed, if claimants could

make successive filings regarding the same claim, and each filing required the agency to make a successive denial that restarted the statute of limitations on that claim, the six-month limitations period would effectively be read out of the statute. Because we must generally "give effect to every word of a statute wherever possible," *Leocal v. Ashcroft*, 543 U.S. 1, 12 (2004), we reject such a reading. *See also Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984) (holding that § 2401(b) imposes both a two-year and six-month limitations requirement, each of which must be satisfied). We conclude that 28 C.F.R. § 14.2(c), which requires that any amendment to a claim against the United States must be made before the agency's final denial, is a permissible reading of the statute.[7]

Indeed, we reached a similar conclusion in *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896 (9th Cir. 1969). In that case, a claimant filed a negligence claim against the Air Force for damage to an airplane. *Id.* at 897. After an investigation, the Air Force issued a final denial of the claim. *Id.* A United States Senator (at the request of one of the claimant's stockholders) triggered a second investigation, which resulted in a second letter from the agency disapproving the claim. *Id.* A third inquiry by the claimant resulted in a third letter from the agency "reiterating the position that the Air Force had consistently taken." *Id.* The claimant filed a suit within two years from the date the claim accrued, but more than six months after the Air Force's

---

[7] In rejecting Redlin's argument that his amended claim restarted the six-month statute of limitations, the district court erred in relying on 28 C.F.R. § 14.2(b)(4), which applies only to successive claims filed with a different federal agency. Because we reject Redlin's argument on different grounds, the error was harmless.

original denial. *Id.* We held that the claimant's suit was untimely, because an agency's final denial cannot be "erase[d]" or "vitiate[d]" by further correspondence between claimant and agency on the same claim. *Id.* at 898. At least two other circuits have reached the same conclusion. *See Román-Cancel v. United States*, 613 F.3d 37, 42 (1st Cir. 2010) (holding that a duplicative claim "serve[s] no legitimate purpose" and "it would be pointless for a court to allow a claimant an opportunity to reopen the FTCA's limitations window by" simply refiling a claim); *Willis v. United States*, 719 F.2d 608, 613 (2d Cir. 1983) (holding that there is "little force in the contention that plaintiffs could escape the consequences of their failure to bring suit within six months of the denial of their claims by filing new claims within the allowable two year period"). Applying that reasoning here, Redlin's pursuit of further review through submission of an untimely amendment does not erase the initial final denial by the agency.

C

Finally, we reject Redlin's argument that he is entitled to equitable tolling of the limitations periods in 28 U.S.C. § 2401(b).[8] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (emphasis omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The doctrine is not available to avoid the consequence of one's own negligence and does not apply

---

[8] The limitations periods in 28 U.S.C. § 2401(b) are subject to the doctrine of equitable tolling. *See Kwai Fun Wong*, 135 S. Ct. at 1633.

when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Hensley v. United States*, 531 F.3d 1052, 1058 (9th Cir. 2008) (cleaned up). The VA's denial letter informed Redlin of his right to file a motion for reconsideration or a lawsuit within six months, and Redlin has alleged no extraordinary circumstances excusing his failure to do either. As such, we affirm the district court's denial of equitable tolling in this case.[9]

   **AFFIRMED**.

---

[9] We also reject Redlin's argument that his noncompliance with the statute of limitations should be excused because he was not represented when he filed his initial claim or when the agency mailed the final denial. While the precise date that Redlin obtained representation is unclear from the record, there can be no dispute that Redlin was represented when he mailed his second claim form—a day before the deadline for filing suit or requesting reconsideration—because the claim form was accompanied by a letter from Redlin's counsel. Therefore, Redlin's failure to timely file a suit or a request for reconsideration cannot be excused on the ground that he acted pro se.