NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELLA HERNANDEZ; ALFREDO NAVARRETTE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF MARICOPA; MARICOPA COUNTY BOARD OF SUPERVISORS, <br><br> Defendants-Appellees, <br><br> and <br><br> WILLIAM GERARD MONTGOMERY, <br><br> Defendant. | No. 18-16943 <br><br> D.C. No. 2:17-cv-00034-JJT-JZB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted February 4, 2020[**]
Phoenix, Arizona

Before: O'SCANNLAIN, GRABER, and MILLER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Marcella Hernandez and Alfredo Navarrette appeal the district court's order dismissing their action on statute of limitations grounds. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Hernandez and Navarrette were required to file suit within two years after their claims first accrued. *See* 18 U.S.C. § 2520(e); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Accordingly, absent any tolling of the limitations period, the claims alleged in the complaint are untimely if they accrued prior to January 5, 2015. The district court did not err in finding that the claims accrued before then.

Under the federal discovery rule, Hernandez and Navarrette's claims accrued once they "kn[ew] or ha[d] reason to know of the injury which is the basis of the action." *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam) (internal quotation marks omitted); *see also* 18 U.S.C. § 2520(e) ("A civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."); *Rotella v. Wood*, 528 U.S. 549, 555–56 (2000) (discussing discovery rule). Hernandez and Navarrette clearly had reason to know the bases for the claims alleged in this suit at least by December 9, 2014, at which point they had argued the substance of such claims across three motions to suppress evidence in

2

their criminal cases.[1]

Contrary to their argument on appeal, Hernandez and Navarrette's complaint does not allege a tort akin to malicious prosecution, as it neither alleges that any of the defendants acted with an improper purpose nor challenges the integrity of the legal process to which they were subject. *See generally McDonough v. Smith*, 139 S. Ct. 2149, 2156–58 (2019) (discussing malicious prosecution claims). Their straightforward claims for unlawful search and seizure of their communications are not subject to the deferred accrual rule applicable to malicious prosecution claims, and such claims accrued despite the fact that criminal proceedings were ongoing. *See Mills v. City of Covina*, 921 F.3d 1161, 1166 & n.1 (9th Cir. 2019).

II

Navarrette and Hernandez have not demonstrated that the limitations period should be equitably tolled. Once again, by December 9, 2014, they had argued the substance of their current claims across three motions to suppress in their criminal

---

[1] We take judicial notice of the dates and contents of these motions to suppress and of Hernandez's December 9, 2014, joinder in the third motion to suppress—all of which are matters of public record and are not subject to reasonable dispute. *See* Fed. R. Evid. 201; *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." (internal quotation marks omitted)).
We GRANT Appellees' motion for judicial notice, filed with this court on April 5, 2019, with respect to these matters, but we DENY the motion as moot with respect to all other materials.

3

cases. They present no argument as to what extraordinary circumstances would have prevented them from filing these parallel civil claims at that point. *See Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019); *McCloud v. Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 696–98 (Ariz. Ct. App. 2007).

**AFFIRMED.**