**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK DAVISCOURT, | No. 21-35160 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00720-RSM |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted May 17, 2022**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Mark Daviscourt appeals pro se from the district court's judgment dismissing his action brought under the Federal Tort Claims Act ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Redlin v.*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*U.S.*, 921 F.3d 1133, 1138 (9th Cir. 2019). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Daviscourt's action as untimely because Daviscourt failed to present his claim to the appropriate agency within two years after the claim accrued and failed to allege facts sufficient to show that he was entitled to equitable tolling. *See* 28 U.S.C. § 2401(b) (two-year statute of limitations under the FTCA); *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc) (explaining elements necessary for equitable tolling); *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) (equitable tolling based on mental incompetence requires a plaintiff to show diligence in pursuing claims and to explain how the impairment made it impossible to meet a filing deadline).

The district court did not abuse its discretion by dismissing Daviscourt's action without leave to amend because amendment would have been futile due to claim preclusion arising from Daviscourt's previous litigation in 2018. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (explaining the requirements of federal claim preclusion).

Daviscourt's motion to supplement the record (Docket Entry No. 8) is denied.

Daviscourt's other pending motions and requests, set forth in his opening and reply briefs, are denied.

**AFFIRMED.**