NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN A. STANFIELD, | No. 21-35042 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05355-DWC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted May 8, 2023**
Seattle, Washington

Before: W. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

Kevin A. Stanfield appeals pro se the district court's dismissal of his

complaint challenging the Commissioner of Social Security's denial of his

application for disability insurance benefits under Title II of the Social Security

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Act and supplemental security income under Title XVI of the Act.[1] We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo whether the magistrate judge had jurisdiction over the Administrative Law Judge ("ALJ")'s decision. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We also review de novo an order of dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Redlin v. United States*, 921 F.3d 1133, 1138 (9th Cir. 2019). We affirm.

The magistrate judge had jurisdiction to conduct proceedings and enter a final judgment in this action. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73. Pro se litigants may consent to magistrate jurisdiction by failing to return a declination-of-consent form "issued under the general orders and local rules of the Western District of Washington." *See Washington v. Kijakazi*, No. 22-35320, slip op. at 7 (9th Cir. July 3, 2023) (holding that a pro se plaintiff impliedly consented to magistrate jurisdiction). Stanfield was sent and failed to return a declination-of-consent form with language almost identical to the form in *Washington*. Subsequently, the district court confirmed that the parties had consented to proceed before a magistrate judge, and Stanfield filed merits briefing before the magistrate judge without objection. He therefore impliedly consented to magistrate

---

[1] Stanfield also alleged a 42 U.S.C. § 1983 claim, but the district court properly held that he did not identify a claim for deprivation of rights or due process separate from his claim for social security benefits.

jurisdiction because he was apprised of his "need for consent and the right to refuse it, and still voluntarily appeared to try the case before the" magistrate judge. *Id.* at 14 (quoting *Roell v. Withrow*, 538 U.S. 580, 590 (2003)).

The district court properly dismissed Stanfield's complaint related to the 2012 ALJ decision as untimely. Stanfield filed his complaint approximately seven years after the expiration date of the sixty-day limitations period. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). He fails to argue that an extraordinary circumstance excuses his failure to seek review of the Commissioner's decision, and thus is not entitled to equitable tolling. *See Banta v. Sullivan*, 925 F.2d 343, 345–46 (9th Cir. 1991).

The district court properly dismissed Stanfield's remaining claims for failure to exhaust his administrative remedies. *See Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) (stating elements of exhaustion). Stanfield is unable to identify a final decision regarding his alleged 2017 and 2018 disability applications, which renders him ineligible for judicial review. *See* 42 U.S.C. § 405(g).

**AFFIRMED.**