**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAMEION DOUGLAS,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>DONALD REESE, Multnomah County<br>Prosecutor; JOHN DOE, Multnomah County<br>Court Clerk; JOHN DOE,<br><br>　　　　Defendants-Appellees. | No.　18-35563<br><br>D.C. No. 6:16-cv-00048-AA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted July 17, 2023[**]
San Francisco, California

Before:　HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

　　Dameion Douglas appeals pro se from the district court's dismissal of claims

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 42 U.S.C. § 1983. Douglas alleges that prosecutor Donald Rees[1] and two unnamed Multnomah County officials violated his First, Fourth, and Fourteenth Amendment rights during postconviction litigation in state court. In particular, Douglas challenges the defendants' failure to provide chain-of-custody records beyond 2002 for a ski cap that was submitted as evidence at his criminal trial in 2000. The district court granted defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Redlin v. United States*, 921 F.3d 1133, 1138 (9th Cir. 2019). We affirm.

The district court interpreted the "crux" of Douglas's request for the chain-of-custody records to be his contention that the prosecution nefariously altered his cap to look like a mask during his criminal proceedings. Although Douglas asserted that his only ambition in this phase of postconviction litigation is *access* to the records, the district court reasoned that an underlying *Brady* claim of evidence suppression would be Douglas's only cognizable route to relief. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that prosecutorial suppression of material evidence favorable to a criminal defendant violates due process). However, the court concluded, because Douglas's success on a *Brady* claim "would necessarily imply the invalidity of his conviction," the *Heck* doctrine requires dismissal of his

---

[1]    Although defendant is identified as "Donald Reese" in the complaint and case caption, we acknowledge that defendant's name is properly spelled "Donald Rees."

complaint.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

On appeal, Douglas seeks to circumvent *Heck*.  Douglas again stresses that he solely seeks access to chain-of-custody information, which, he notes, may prove immaterial to his conviction.  Acknowledging that his claim is a misfit with *Brady*, Douglas leans on the argument that he has a right to postconviction access to evidence pursuant to the Supreme Court's decisions in *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52 (2009) and *Skinner v. Switzer*, 562 U.S. 521 (2011).

But, as the district court explained, this argument is unavailing.  The Court in *Osborne* made clear that there is no *Brady*-analogue for postconviction relief: "nothing in our precedents suggest[s] that this disclosure obligation continue[s] after the defendant was convicted and the case was closed."  557 U.S. at 68.  While the Court in *Skinner* concluded that a plaintiff could seek postconviction DNA testing of crime-scene evidence in a Section 1983 action, it was careful to cabin the holding to the state statutes governing DNA testing—a distinctive and developing evidentiary tool.  *See* 562 U.S. at 529, 535–36.  Although there may be a distinction between Douglas's "*immediate* plea" and his "*ultimate* aim," *see Skinner*, 562 U.S. at 535, Douglas has failed to identify a freestanding constitutional right that would obligate production of chain-of-custody records detailing the cap's location in years after criminal proceedings had concluded.

Moreover, as the Court in *Osborne* stipulated, "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." 557 U.S. at 69. Douglas makes no such contention. Because Douglas has not shown or even suggested that Oregon's postconviction procedures are fundamentally unfair, he cannot avail himself of this avenue for relief.

**AFFIRMED.**