FILED

NOV 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CHANDAN MANANSINGH; ANGELA NAIRNS,

    Plaintiffs-Appellants,

 v.

UNITED STATES OF AMERICA; SHAWN MUMMEY; ROBERT AGUINO; TODD FREDLUND; STEVE GOLDNER; CHAD BOARDMAN,

    Defendants-Appellees.

No. 21-16192

D.C. No. 2:20-cv-01139-DWM
District of Nevada,
Las Vegas

ORDER

Before: GRABER, CLIFTON, and BENNETT, Circuit Judges.

The panel has unanimously voted to deny Appellants' petition for rehearing. Judge Bennett votes to deny the petition for rehearing en banc, and Judge Clifton and Judge Graber so recommend. The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it. Fed. R. App. P. 35. Appellants' petition for rehearing and rehearing en banc (Docket Entry No. 53) is DENIED.

The government's petition for panel rehearing (Docket No. 60) is DENIED.

The memorandum disposition filed on March 28, 2023, is hereby amended as follows:

Page 5, lines 9-10: Replace the first sentence of the paragraph "5" with:

<5. We reverse the dismissal of Plaintiffs' IIED and abuse of process claims against the United States based on conduct that occurred before June 24, 2017.>

 Page 7, line 4: Delete the words <against Probation Defendants>

 Page 8, lines 11-12: Delete the words <against Probation Defendants>

The amended memorandum disposition will be filed concurrently with this order.

 No further petition for rehearing or rehearing en banc may be filed.

**FILED**

UNITED STATES COURT OF APPEALS

NOV 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHANDAN MANANSINGH; ANGELA NAIRNS,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA; et al.,

Defendants-Appellees.

No. 21-16192

D.C. No. 2:20-cv-01139-DWM

AMENDED MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Donald W. Molloy, District Judge, Presiding

Argued and Submitted March 10, 2023
Las Vegas, Nevada

Before: GRABER, CLIFTON, and BENNETT, Circuit Judges.

Chandan Manansingh and Angela Nairns (together, "Plaintiffs") appeal from

the district court's judgment dismissing their constitutional claims against five

federal probation officers ("Probation Defendants") under *Bivens v. Six Unknown*

*Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and tort

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

claims against the United States under the Federal Tort Claims Act ("FTCA").[1]

The district court dismissed most of Plaintiffs' claims in their First and Second Amended Complaint for untimeliness, lack of subject matter jurisdiction, and failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Lam v. United States*, 979 F.3d 665, 670 (9th Cir. 2020) (dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1)); *Redlin v. United States*, 921 F.3d 1133, 1138 (9th Cir. 2019) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)); *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (dismissal based on the statute of limitations). We affirm in part, reverse in part, and remand for further proceedings.

1. We affirm the dismissal of Plaintiffs' Fourth and Fifth Amendment claims because they are time-barred. For these *Bivens* claims, federal courts apply the forum state's personal injury statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for personal injury claims in Nevada is two years. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (citing Nev. Rev. Stat. § 11.190(4)(e)). Plaintiffs filed their complaint on June 19, 2020, more than two years after April 1, 2016, the date of the alleged unlawful search of their residence, the seizure of Manansingh, and the start of Manansingh's

---

[1]In their reply brief, Plaintiffs withdrew their Eighth Amendment, invasion of privacy, false light invasion of privacy, and trespass claims.

detention. *See Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (concluding that illegal search, seizure, and detention claims accrue "when the wrongful act occurs" (citation omitted)).  Plaintiffs have not demonstrated that the limitations period should be equitably tolled for these claims.  No "extraordinary circumstances" prevented them from timely filing their complaint.  *See Redlin*, 921 F.3d at 1140 (citation omitted); *Fausto v. Sanchez-Flores*, 482 P.3d 677, 681–82 (Nev. 2021) (setting forth elements for equitable tolling of Nev. Rev. Stat. § 11.190(4)(e)).

2.  We affirm the dismissal of Plaintiffs' claim for failure to intercede because it is not cognizable under *Bivens*.  *See Mejia v. Miller*, 61 F.4th 663, 666–68 (9th Cir. March 2, 2023) (setting forth requirements of a *Bivens* action).  Plaintiffs have not shown that *Bivens* should be extended to their claim.  *See Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991) (rejecting a failure-to-intervene claim as cognizable under *Bivens* where bystander officers failed to prevent another officer from shooting the plaintiff); *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (stating that recognizing a new *Bivens* action is "a disfavored judicial activity" (citation omitted)).

3.  We affirm the dismissal of Plaintiffs' 42 U.S.C. § 1985(3) claim based on qualified immunity.  *See Mullenix v. Luna*, 577 U.S. 7, 11–12 (2015) (per curiam) (setting forth elements for qualified immunity); *Pasadena Republican Club v. W.*

3

*Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021) (setting forth elements of a § 1985(3) claim). Under the intracorporate-conspiracy doctrine, "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). When Plaintiffs claimed that Probation Defendants conspired to deprive them of constitutional rights, the question whether an intracorporate agreement could subject federal officials (from the same *or* different agencies within the Executive Branch) to liability under § 1985(3) was unsettled. *See Fazaga v. Fed. Bureau of Investigation*, 965 F.3d 1015, 1059–60 & n.41 (9th Cir. 2020), *reversed on other grounds by Fed. Bureau of Investigation v. Fazaga*, 142 S. Ct. 1051 (2022).

4. We affirm the dismissal of Plaintiffs' FTCA claims against the United States on sovereign immunity grounds. Under 28 U.S.C. § 2680(h), the United States is not liable for "[a]ny claim arising out of ... malicious prosecution, abuse of process," and certain other intentional torts, unless committed by "investigative or law enforcement officers of the United States Government." For purposes of this provision, the term "investigative or law enforcement officer" means "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* Federal prosecutors do not qualify as investigative or law enforcement officers here. *See*

4

*Wright v. United States*, 719 F.2d 1032, 1034 (9th Cir. 1983) *abrogated on other grounds as recognized by Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017); *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) ("If the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred."); *Sheehan v. United States*, 896 F.2d 1168, 1172 (9th Cir. 1990) (barring an intentional infliction of emotional distress ("IIED") claim under § 2680(h) if "in substance the conduct relied upon constituted a specifically excluded tort").

5. We reverse the dismissal of Plaintiffs' IIED and abuse of process claims against the United States based on conduct that occurred before June 24, 2017. The district court dismissed these claims on the ground that they were untimely. *See Wallace*, 549 U.S. at 388 (requiring that the plaintiff have "a complete and present cause of action" before accrual (citations omitted)); *Bennett v. United States*, 44 F.4th 929, 933 (9th Cir. 2022) (citing 28 U.S.C. § 2401(b)) (noting that the FTCA has a two-year limitations period). The district court held that these claims were not subject to deferred accrual under *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars a 42 U.S.C. § 1983 claim when a favorable judgment for the plaintiff would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id.* at 487.

Here, Plaintiffs allege that Probation Defendants caused "severe and extremely emotionally distressing conduct" through June 21, 2018, by withholding exculpatory information and planting evidence to prosecute Manansingh. *See Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000) (setting forth elements of an IIED claim in Nevada). They also allege that Probation Defendants' "fabrication of evidence" and "alleged planting of evidence" constitute an abuse of process through "the present day." *See Land Baron Invs. Inc. v. Bonnie Springs Family LP*, 356 P.3d 511, 519 (Nev. 2015) (setting forth elements of an abuse of process claim in Nevada). The IIED and abuse of process claims are akin to the tort of malicious prosecution because they rely on alleged fabrication of evidence and "challenge the validity of the criminal proceedings against [Manansingh]." *See McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). No conviction (or invalidation of a conviction) was required to apply *Heck* and *McDonough* to these claims. *See Roberts v. City of Fairbanks*, 947 F.3d 1191, 1201 n.11 (9th Cir. 2020) (explaining that the favorable-termination rule and invalidation under *Heck* are not "coterminous").

Accordingly, Plaintiffs did not have a complete cause of action for the IIED and abuse of process claims until the criminal case against Manansingh was dismissed on June 21, 2018, whereupon his prosecution was terminated favorably. *See McDonough*, 139 S. Ct. at 2156. These claims were therefore timely. The

district court should determine on remand if Probation Defendants' conduct prior to June 24, 2017, establishes plausible claims for IIED and abuse of process.

6. We reverse the dismissal of Plaintiffs' malicious prosecution claim. The district court dismissed the claim because Plaintiffs failed to allege that Manansingh was prosecuted in the absence of probable cause. However, Plaintiffs alleged that Manansingh's prosecution rested on fabricated evidence and that the prosecution withheld exculpatory evidence, which rebuts a finding of probable cause. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066–68 (9th Cir. 2004) (setting forth elements of a malicious prosecution claim and stating that a finding of probable cause may be rebutted by showing the "prosecution was induced by . . . fabricated evidence[ ] or other wrongful conduct undertaken in bad faith"). The district court also held that the voluntary dismissal of Manansingh's indictment was not a favorable termination sufficient for a malicious prosecution claim. But after the district court's decision, the Supreme Court held that a malicious prosecution claim requires a plaintiff "need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark,* 142 S. Ct. 1332, 1341 (2022) (examining a Fourth Amendment claim under § 1983 for malicious prosecution). Given that the district court relied in part on now-abrogated federal common law in forming its decision, the district court should reconsider the issue in light of *Thompson*.

7. We affirm the dismissal of Plaintiffs' negligence claim based on untimeliness and sovereign immunity. *See Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280–81 (Nev. 2009) (setting forth elements of a negligence claim in Nevada). Plaintiffs allege that Probation Defendants violated their duty of care "through their use of force and making of arrests." As previously stated, accrual of these claims began on April 1, 2016, and are thus time-barred. *See Wallace*, 549 U.S. at 391; *Bonelli*, 28 F.4th at 952. The remaining allegations either accrued at the time of the negligent acts (rendering the claim untimely) or are barred by sovereign immunity. *See id.*; *Wright*, 719 F.2d at 1034.

Based on the foregoing, we reverse in part the district court's dismissal of Plaintiffs' IIED, abuse of process, and malicious prosecution claims. We remand for limited fact-finding to determine whether Probation Defendants' conduct prior to June 24, 2017, establishes plausible claims for IIED and abuse of process. The district court should also consider, in the first instance, whether the malicious prosecution claim proceeds in light of *Thompson v. Clark,* 142 S. Ct. 1332 (2022). On all other issues, we affirm.[2]

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**. Each party shall bear its own costs on appeal.

---

[2]We will not consider matters that are not "specifically and distinctly" argued in Plaintiffs' opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).