NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS MONTGOMERY; BRENDA
MONTGOMERY,

          Plaintiffs-Appellants,

  v.

MICHAEL WEST; DOES, Nine Unknown
Named Agents of the Federal Bureau Of
Investigation, Internal Revenue Service, and
Drug Enforcement Agency,

          Defendants-Appellees.

No.   23-15728

D.C. No.
3:21-cv-00128-ART-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Submitted June 3, 2024[**]
San Francisco, California

Before:  S.R. THOMAS and BUMATAY, Circuit Judges, and BENNETT,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Dennis and Brenda Montgomery appeal the district court's dismissal of their claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a claim based on a statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We review a district court's denial of equitable tolling for an abuse of discretion, except where relevant facts are undisputed, our review is de novo. *Id.* We affirm.

1. The district court correctly concluded that the statute of limitations barred the Montgomerys' *Bivens* claim. While "federal law determines when a *Bivens* claim accrues, the law of the forum state determines the statute of limitations for such a claim." *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002). To determine the applicable *Bivens* statute of limitations, we look to the forum state's personal injury statute of limitations. *Van Strum v. Lawn*, 940 F.2d 406, 409–10 (9th Cir. 1991). And the "claim accrues when the plaintiff knows or has reason to know of the injury." *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (per curiam).

Here, the operative events occurred in March 2006 at the Montgomerys' property in Nevada. Nevada's personal injury statute of limitations is two years. Nev. Rev. Stat. § 11.190(4)(e); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014). The statute of limitations began accruing in March 2006 when the agents

2

raided the Montgomerys' property, so the statute expired in March 2008. The Montgomerys filed this *Bivens* claim on March 11, 2021, so they missed the deadline by thirteen years. Thus, the district court properly deemed their claim time barred.

2. The district court also properly held that equitable tolling does not apply to the Montgomerys' claim. For equitable tolling to apply, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Montgomerys failed to establish either here.

The Montgomerys did not diligently pursue their rights because they inexplicably waited years before filing suit. "The doctrine [of equitable tolling] is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) (quoting *Hensley v. United States*, 531 F.3d 1052, 1058 (9th Cir. 2008)).

The Montgomerys argue that the protective order in place, which required review of any pleadings by a United States attorney, operated as a "gag order." But, as the district court correctly noted, that statement is "inaccurate." The Montgomerys fail to show how the protective order or declaration by then-Director of National Intelligence John Negroponte invoking the state secrets privilege blocked them from filing this suit. The same protective order was in place in a

3

related civil litigation between Dennis Montgomery and his former eTreppid colleagues, and Montgomery litigated that case for several years. *See Montgomery v. eTreppid Techs., LLC.*, 3:06-cv-00056 (Aug. 29, 2007), ECF No. 253. Dennis Montgomery also encountered the same order in his 2017 suit against the FBI that partly relied on the same facts he alleged here. *See Montgomery v. Comey*, 300 F. Supp. 3d 158, 165, 173 (D.D.C. 2018), *aff'd as modified*, 752 F. App'x 3 (D.C. Cir. 2019) (per curiam).

The Montgomerys do not explain how the protective order caused their years long delay and only note that the related litigation was "complicated." But that litigation settled in 2009—twelve years before they filed suit. *See Montgomery v. eTreppid Techs., LLC.*, 3:06-cv-00056 (D. Nev. Feb. 20, 2009), ECF No. 962. The Montgomerys' mistaken understanding of the order and its protocols prevents equitable tolling here. *See Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) ("Equitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament."); *see also Pace*, 544 U.S. at 419 (rejecting equitable tolling when "petitioner waited years, without any valid justification, to assert [his] claims" because "[e]quity always refuses to interfere where there has been gross laches in the prosecution of rights" (quoting *McQuiddy v. Ware*, 87 U.S. (20 Wall.) 14, 19 (1874)).

The district court properly concluded that the Montgomerys were not entitled

to equitable tolling.

**AFFIRMED.**