NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIVATHARAN NATKUNANATHAN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA; MERRICK B. GARLAND, Attorney General; CHAD WOLF, Acting Secretary Department of Homeland Security; DONNA CAMPAGNOLO, District Director, U.S. Citizenship and Immigration Services, Los Angeles; JANE ARELLANO; DOES, 1 through 8, <br><br> Defendants - Appellees. | No. 24-644 <br><br> D.C. No. 8:20-cv-01080-DOC-ADS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 17, 2025**

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sivatharan Natkunanathan appeals pro se from the district court's judgment dismissing his action alleging the wrongful denial of his adjustment of status application and related claims under the Federal Tort Claims Act ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction and for failure to state a claim. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). We affirm.

The district court properly dismissed Natkunanathan's claim alleging the wrongful denial of his adjustment of status application because district courts cannot review immigration decisions made at the Attorney General's discretion, including the decision whether to grant adjustment of status under 8 U.S.C. § 1159(b). *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (stating that no court shall have jurisdiction to review a decision or action "the authority for which is specified under this subchapter to be in the discretion of the Attorney General"); *Diego v. Sessions*, 857 F.3d 1005, 1011 (9th Cir. 2017) (explaining that federal courts lack jurisdiction to review 8 U.S.C. § 1159(b) adjustment of status decisions because they are in the discretion of the Attorney General).

The district court properly dismissed the FTCA claims because Natkunanathan filed his administrative claim after the statute of limitations had run and his claims were not based on a continuing tort or subject to equitable tolling. *See* 28 U.S.C. § 2401(b) (establishing the FTCA's two-year statute of limitations to

present a claim to the appropriate Federal agency); *United States v. Kubrick*, 444 U.S. 111, 119–22 (1979) (explaining that a claim accrues under § 2401(b) when the plaintiff knows both the existence and cause of his injury); *Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) (outlining the requirements for equitable tolling under the FTCA); *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (holding that when a single incident causes the claimed harm, it is not a continuing tort).

The motion (Docket Entry No. 49) to maintain under seal Volume 4 of the supplemental excerpts of record and District Court Records Nos. 5 and 7 is granted. All other pending motions are denied.

**AFFIRMED.**